[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 21, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13356
Non-Argument Calendar
_____

BIA Nos. A79-087-085 & A79-087-086

ZENG LAM WANG,
XIAO JUN HUANG,

                                                    Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                    Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(February 21, 2007)**

Before BIRCH, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Zeng Lam Wang and Xiao Jun Huang petition this court to review the BIA's denial of their motion to reopen their claims for asylum based on their fear that they will be subject to coercive population control measures if returned to China. The board issued a brief letter denying the couple's petition. It stated: "While the submitted materials reflect that the officials may be more strictly enforcing the population control policies to individuals residing in the respondent's home province, the respondents[] provided no evidence regarding the persecution of citizens returning to China with foreign-born children." It then referenced the State Department's latest China Profile "indicating that returning Chinese nationals with foreign-born children are not subject to special treatment."

The BIA's analysis is facially incoherent. If officials in Wang and Huang's home province are "more strictly enforcing population control policies," and returning Chinese nationals "are not subject to special treatment," then Wang and Huang have every reason to believe they will be subject to these new and stricter population control policies.

The BIA also referenced Matter of C-C-, 23 I&N Dec. 899 (BIA 2006), in which the board discredited an affidavit by Dr. John Aird. Id. at 900–01. Wang and Huang relied in part on an affidavit by Dr. Aird. We note that two circuits have already criticized the BIA for rejecting without sufficient reasons the evidence presented in Dr. Aird's affidavits. See Guo v. Ashcroft, 386 F.3d 556,

2

565–66 (3d Cir. 2004); <u>Zheng v. Gonzales</u>, 415 F.3d 955, 961–63 (8th Cir. 2005). Even if the board's subsequent and more thorough analysis of Dr. Aird's affidavit in <u>Matter of C-C-</u> redresses the concerns raised by our sister circuits, the BIA has not addressed any of the other evidence presented by the petitioners.  We therefore grant Wang's petition for review, vacate the BIA's denial of Wang and Huang's motion to reopen their claims for asylum, and remand this case for further consideration.

**PETITION GRANTED.  ORDER DENYING MOTION TO REOPEN VACATED AND REMANDED.**